NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STARLIGHT ENTERTAINMENT ENTERPRISES, INC.,**
*Plaintiff-Appellant*

**RICARDO J. CALDERON LOPEZ, dba Starlight Consulting Services,**
*Plaintiff*

**v.**

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA,**
*Defendant-Appellee*

---

2026-1609

---

Appeal from the United States District Court for the Central District of California in No. 2:25-cv-00580-CBM-JPR, Senior Judge Consuelo Bland Marshall.

---

**ON MOTION**

---

Before LOURIE, CHEN, and STARK, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Ricardo J. Calderon Lopez filed this action in the United States District Court for the Central District of California, seeking a refund of a filing fee related to one of his earlier landlord-tenant actions.[1] After the district court dismissed the complaint, Mr. Calderon Lopez appealed to the United States Court of Appeals for the Ninth Circuit, which, on May 28, 2025, dismissed the appeal for failure to pay the docketing fee. On March 18, 2026, Mr. Calderon Lopez filed this appeal, indicating his intent to appeal the "05/28/2025" decision of the Ninth Circuit. He moves for leave to proceed *in forma pauperis*. The United States opposes and moves to dismiss.

This court has repeatedly explained to Mr. Calderon Lopez that it lacks jurisdiction over decisions of the Ninth Circuit;[2] that our limited authority to review district court decisions does not extend to the landlord-tenant disputes and other actions he has previously attempted to appeal to this court;[3] and that no court of appeals has jurisdiction to

---

[1] *Ricardo J. Calderon Lopez, et al., v. Sunset Housing Solutions L.P.*, No. 2:13-cv-09025-ODW-AGR, *dismissed on appeal*, 2024 WL 3530199 (Fed. Cir. July 25, 2024).

[2] *See, e.g., San Mateo Cnty. Sheriff's Off. v. Calderon Lopez*, No. 2024-2079, ECF No. 5 (Fed. Cir. July 30, 2024) ("To the extent Mr. Calderon Lopez seeks review of a decision of the Ninth Circuit, we lack jurisdiction." (citing § 1295)); *SSA v. Calderon Lopez*, No. 2024-1970, ECF No. 4 (Fed. Cir. July 25, 2024) (same); *Calderon Lopez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. 2024-1998, ECF No. 4 (Fed. Cir. July 23, 2024) (same).

[3] *See, e.g., Starlight Consulting Services v. Sunset Housing Solutions, L.P.,* No. 2025-1943, ECF No. 9 (Fed. Cir. Sept. 11, 2025); *Calderon Lopez v. Gumushyan,*

review an appeal from a district court filed outside the 30-day jurisdictional deadline.[4]  We also cautioned him that "he may be sanctioned . . . if he files another notice of appeal directed to this court that is either untimely or involves a case that does not plausibly fall within this court's subject matter jurisdiction." *Starlight Consulting Servs. v. Sunset Hous. Sols., L.P.,* Appeal No. 2025-1943, ECF No. 9 (Fed. Cir. Sept. 11, 2025).[5]

---

No. 2025-1765, ECF No. 10 (Fed. Cir. July 8, 2025); *Calderon Lopez v. Off. of the Sec'y of State*, No. 2024-1964, ECF No. 4 (Fed. Cir. July 23, 2024); *Calderon Lopez v. O'Malley*, No. 2025-1698, ECF No. 22 (Fed. Cir. June 25, 2024); *In re Calderon Lopez*, No. 2023-133, ECF No. 23 (Fed. Cir. Oct. 13, 2023).

[4]   *See San Mateo County Sheriff's Off.*, No. 2024-2079, ECF No. 5 (Fed. Cir. July 30, 2024); *SSA*, No. 2024-1970, ECF No. 4 (Fed. Cir. July 25, 2024); *Calderon Lopez v. Jackson*, No. 2024-2046, ECF No. 5 (Fed. Cir. July 25, 2024); *Calderon Lopez v. Sunset Hous. Sols., L.P.*, No. 2024-1989, ECF No. 6 (Fed. Cir. July 25, 2024); *Palo Alto Police Dep't v. Calderon Lopez*, No. 2024-1999, ECF No. 3 (Fed. Cir. July 25, 2024); *Calderon Lopez v. Kausner*, No. 2024-2011, ECF No. 6 (Fed. Cir. July 24, 2024); *Calderon Lopez v. Silberman*, No. 2024-2000, ECF No. 2 (Fed. Cir. July 23, 2024); *Calderon Lopez v. O'Malley*, No. 2024-1963, ECF No. 3 (Fed. Cir. July 23, 2024); *Calderon Lopez*, No. 2024-1998, ECF No. 4 (Fed. Cir. July 23, 2024); *Calderon Lopez v. State of Cal.*, No. 2024-2133, ECF No. 3 (Fed. Cir. Aug. 22, 2024).

[5]   *See Calderon Lopez v. Viramontes,* No. 2025-1983, ECF No. 3 (Fed. Cir. Sept. 11, 2025) (same); *Calderon Lopez v. United States*, No. 2025-1996, ECF No. 5 (Fed. Cir. Sept. 30, 2025) (same).

4      STARLIGHT ENTERTAINMENT ENTERPRISES, INC. v. CENTRAL
DISTRICT OF CALIFORNIA

Mr. Calderon Lopez disregarded our warning in filing this appeal, one that is clearly untimely and also outside of this court's limited subject matter jurisdiction. Thus, we dismiss. Further, given the court's prior warnings, we direct Mr. Calderon Lopez to show cause why he should not be sanctioned. Such sanctions could include a monetary fine, an order restricting Mr. Calderon Lopez's ability to file documents with this court until the sanction is paid, and/or an order enjoining him from filing any notice of appeal seeking review by this court without attaching to the notice of appeal a motion for leave to file, stating the grounds for why he believes that the appeal is timely and why he believes this court has subject matter jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The United States's motion is granted to the extent that the appeal is dismissed.

(2) All other pending motions are denied.

(3) Each party shall bear its own costs.

(4) Within 21 days from the date of entry of this order, Mr. Calderon Lopez is directed to show cause why he should not be sanctioned, including being subjected to an anti-filing injunction or the other potential sanctions as described in this order. The United States also may respond within that time.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

May 6, 2026
Date